PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD MYERS, | ) | |
| | ) | CASE NO. 4:23-CV-1825 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN I. HEALY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF No. 9] |

Before the Court is Respondent's Motion to Dismiss (ECF No. 9). The Court has been advised having reviewed the record, the parties' filings, and the applicable law. For the reasons set forth, the Court dismisses the petition for failure to properly exhaust administrative remedies.

**I.     Background**

In March 2014, Petitioner was sentenced to serve a term of 232 months for conspiracy to possess with the intent to distribute cocaine. Judgment, *Myers v. United States*, No. 1:10-CR-69-1 (S.D. Ohio Mar. 26, 2014). Petitioner's projected release date is December 17, 2025. *Inmate Locator*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed August 28, 2024).

In September 2023, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Petitioner alleges he is "being disallowed FSA Time Credits from December of 2018 onward for FRP refusal that took place prior to the enactment of FSA. The final rule on FSA Time Credits did not become effective 1-19-22." ECF No. 1 at PageID #: 2. Petitioner explains his position in more detail:

(4:23CV1825)

> Ground One: I arrived at FCI Hazelton VA on 3-5-207 at that time I was told that I had to pay a $1,500 fine from the courts being that I am disabled, blind, handicapt [*sic*] upon my arrival to prison I had no obligation or responsibility to pay any fine or restitution based on my being disabled. In society I received a monthly check for my disability therefore I did not suspect that I would have to pay my fine or restitution specifically because I no longer recieve [*sic*] any check from the government and I was unable to work in prison. For this refusal I recieved [*sic*] a judgment of commissary restitution and 3 points deducted from my status points. This was done 6-2017. This situation carried on until I arrived at FCI Ashland on 12-19-19.
>
> Ground Two: I was in disallow status for 12-21-2018-7-17-2019 (208 Program Days) 7-17-2019-1-4-2020 (176 Program Days) and 3-11-2020-6-8-2021 454 Program Days. I am being punished by the disallowance of a total 838 program days, for conduct that took place prior to the promulgated rule that disallowed to prevent Ex-Post Factor violations or potential double jeopardy issues. These 838 programing days, at inmates (15 days per 30) time factor equate to approximately 419 FTCs being disallowed.

ECF No. 1 at PageID #: 6-7.

## II.    Standard of Review

The Court ordered Respondent to serve and file an Answer in response to the Petition. ECF No. 6.  In response, Respondent has filed a document styled as both an answer and motion to dismiss the § 2241 Petition.  ECF No. 9.  Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts apply to § 2241 petitions.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Courts have considered motions to dismiss § 2241 petitions alleging a failure to exhaust administrative remedies under Fed. R. Civ. P. 12(b)(6).  *See, e.g.*, *Cook v. Spaulding*, 433 F. Supp.3d 54, 56-57 (D. Mass. 2020).

"To survive a [Rule 12(b)(6)] motion to dismiss, [the petition] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Cook*, 433 F. Supp. 3d at 55.  When making the

(4:23CV1825)

determination to dismiss under Rule 12(b)(6) the court will accept all well-pleaded facts as true and make all reasonable inferences in favor of the non-movant. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). *Pro se* pleadings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers).

In addition to considering the allegations set forth in the petition, a court may review "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 529 F. 3d 426, 430 (6th Cir. 2008). The documentation of the BOP's administrative responses to a petitioner's complaints may be considered by the Court in connection with a respondent's motion to dismiss. *See Kulyk v. Warden, Hokcing Corr. Facility*, No. 2:12-CV-643, 2013 WL 1149169, at *2 n.2 (S.D. Ohio Mar. 19, 2013).

### III.    Analysis

#### A.  Jurisdiction

Petitioner filed a request for administrative remedy, No. 1156332, with FCI Elkton on March 31, 2023. *See* ECF No. 9-4 at PageID #: 147. Since that time, Petitioner has been transferred to FCI Allenwood Low. *See Inmate Locator*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed August 28, 2024). Elkton is located within the Northern District of Ohio, Allenwood is not. For this reason, the Court must ensure that it maintains jurisdiction over the matter.

The Sixth Circuit has held that "[a] district court's jurisdiction generally is not defeated when a prisoner who has filed a [28 U.S.C.] § 2241 petition while present in the district is

3

(4:23CV1825)

involuntarily removed from the district while the case is pending." *White v. Lamanna*, 42 Fed. Appx. 670, 671 (6th Cir. 2002). Therefore, the Court finds that it retains jurisdiction over the petition, despite Petitioner's transfer, because the petition was filed while Petitioner was housed within the Northern District of Ohio.

### B. Exhaustion of Administrative Remedies

While no statutory exhaustion requirement exists under 28 U.S.C. § 2241, federal courts consistently require petitioners to fully exhaust the BOP available administrative remedies before filling a petition seeking habeas corpus relief pursuant to § 2241. Therefore, prior to filing a § 2241 petition, a petitioner is required to exhaust the BOP's administrative grievance procedures. *Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423, *2 (6th Cir. 2000). Absent exhaustion of administrative remedies, judicial review is not available. *Id*.

Administrative remedies must be exhausted properly, including following all steps that the agency requires, obeying all directions, and adhering to all deadlines set by the administrative rules. *Woodford v. Ago*, 548 U.S. 81, 92-94 (2006). The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels. *See generally* 28 C.F.R. § 542.10, *et seq.*[1]

In this present case, Petitioner failed to fully exhaust his administrative remedies. Petitioner filed a request for administrative remedy, No. 1156332, with FCI Elkton on March 31,

---

[1] After an inmate has attempted to resolve his respective matter of concern informally, an initial request is made to the Warden at the institution level. If an inmate is dissatisfied with the Warden's response, he or she may appeal to the Regional Director. *See* 28 C.F.R. § 542.15. If he or she is dissatisfied with the Regional Director's response, he may appeal to the General Counsel in the BOP's Central Office, Washington, D.C. *Id.*

4

(4:23CV1825)

2023.  See ECF No. 9-4 at PageID #: 147 (abstract for request reads "removed from FRP to earn FSA credits").  After the request was denied, Petitioner appealed the denial to the Regional Office.  ECF No. 9-1 at PageID #: 96.  The Regional Office rejected Petitioner's request, writing pages 2, 3, and 4 were not legible.  ECF No. 9-4 at PageID #: 150.  Petitioner appealed to the Central Office, and the Central Office wrote "remedy #1156332-R2 rejected by region 06-28-2023. Must properly filed BP-10 and receive prior to filing BP-11."  ECF No. 9-4 at PageID #: 151.  Petitioner, however, did not refile his appeal.  Accordingly, Petitioner has failed to fully exhaust his administrative remedies because he did not receive a response on the merits from the Regional or Central Offices.  See Arzate-Miranda v. Farley, No. 7:11-CV-116-KKC, 2015 WL 520557, *6 (E.D. Ky. Feb. 9, 2015) (holding an improperly filed appeal that was rejected and never decided on the merits does not satisfy exhausting administrative remedies).

### IV. Conclusion

Accordingly, the Court grants Respondent's Answer to Petition / Motion to Dismiss (ECF No. 9) and dismisses Petitioner's § 2241 Petition (ECF No. 1) without prejudice.

IT IS SO ORDERED.

|  |  |
|---|---|
| August 29, 2024 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |